


Search for Cases by: | Select Search Method... ▼ |

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print     GrantedPublicAccess  Logoff STEVENSHREDL

**2116-CV22026 - DAVID HIGHTOWER V WELLS FARGO & COMPANY, INC ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ⦿ Descending  ◯ Ascending

Display Options: | All Entries ▼ |

---

**10/25/2021** ☐ **Corporation Served**
Document ID - 21-SMCC-9624; Served To - WELLS FARGO DEALER SERVICES, INC.; Server - ; Served Date - 15-OCT-21; Served Time - 09:28:00; Service Type - Sheriff Department; Reason Description - Served

☐ **Corporation Served**
Document ID - 21-SMCC-9623; Served To - WELLS FARGO & COMPANY, INC.; Server - ; Served Date - 15-OCT-21; Served Time - 08:00:00; Service Type - Sheriff Department; Reason Description - Served

**10/12/2021** ☐ **Cert Serv of Interrog Filed**
Certificate of Service; Electronic Filing Certificate of Service.
    **Filed By:** ERICA FUMAGALLI
    **On Behalf Of:** DAVID HIGHTOWER

☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-9624, for WELLS FARGO DEALER SERVICES, INC..

☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-9623, for WELLS FARGO & COMPANY, INC..

☐ **Case Mgmt Conf Scheduled**
    **Scheduled For:** 02/04/2022;  8:30 AM ;  JAMES FRANCIS KANATZAR;  Jackson - Independence

**10/11/2021** ☐ **Filing Info Sheet eFiling**
    **Filed By:** ERICA FUMAGALLI

☐ **Note to Clerk eFiling**
    **Filed By:** ERICA FUMAGALLI

☐ **Pet Filed in Circuit Ct**
Petition.
    **Filed By:** ERICA FUMAGALLI
    **On Behalf Of:** DAVID HIGHTOWER

☐ **Judge Assigned**

---

Privacy • Terms



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2116-CV22026 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DAVID HIGHTOWER | Plaintiff's/Petitioner's Attorney/Address<br>ERICA FUMAGALLI<br>221 W LEXINGTON AVENUE<br>SUITE 200<br>INDEPENDENCE, MO 64051 | **RECEIVED**<br><br>OCT 1 4 2021<br><br>COLE COUNTY<br>SHERIFF'S OFFICE |
| vs. | | |
| Defendant/Respondent:<br>WELLS FARGO & COMPANY, INC. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **WELLS FARGO DEALER SERVICES, INC.**
Alias:

RA: MISSOURI SECRETARY OF
STATE
600 WEST MAIN
JEFFERSON CITY, MO 65102

**COURT SEAL OF**

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12-OCT-2021
Date                                                                  Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Tiffany Clapp _____ (name) Designee _____ (title).

☐ other _____.

Served at 1700 W. Main St _____ (address)
in Cole _____ (County/City of St. Louis), MO, on 10|15|21 (date) at 9:28 AM (time).

Sheriff John P Wheeler By _____ 48
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date                                                    Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-9624**   1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



**Exhibit A**

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2116-CV22026 | **RECEIVED**<br><br>OCT 14 2021<br><br>COLE COUNTY<br>SHERIFF'S OFFICE |
| Plaintiff/Petitioner:<br>DAVID HIGHTOWER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ERICA FUMAGALLI<br>221 W LEXINGTON AVENUE<br>SUITE 200<br>INDEPENDENCE, MO 64051 | |
| Defendant/Respondent:<br>WELLS FARGO & COMPANY, INC. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: WELLS FARGO & COMPANY, INC.
**Alias:**
RA: CSC LAWYERS INCORPORATING
SERVICE COMPANY
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12-OCT-2021
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

CSC Lawyers, L.S. (name) designee (title).

☐ other _____.

Served at 350 E. High (address)
in Cole (County/City of St. Louis), MO, on 10-15-2021 (date) at 800AM (time).

Sheriff John P Wheeler by ☒ Aimee Wray
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date                                        Notary Public

### Sheriff's Fees
| | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ ( _____ miles @ $. _____ per mile) |
| Total | $ |

$30.99

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-9623** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Exhibit A**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

DAVID HIGHTOWER

        Plaintiff

   v.

WELLS FARGO & COMPANY, INC.
and WELLS FARGO DEALER
SERVICES, INC.

        Defendants.

Case No. 2116-CV22026

Division

**CERTIFICATE OF SERVICE**

I hereby certify that Plaintiff's First Interrogatories to Defendant Wells Fargo & Company, Inc., Plaintiff's First Request for Production of Documents and Things to Defendant Wells Fargo & Company, Inc., Plaintiff's First Interrogatories to Defendant Wells Fargo Dealer Services, Inc. and Plaintiff's First Request for Production of Documents and Things to Defendant Wells Fargo Dealer Services, Inc. are being served with the Petition by the Sheriff of Cole County.

Electronically Filed - Jackson - Independence - October 12, 2021 - 02:00 PM

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

_____

| | |
|---|---|
| Mark E. Parrish | Mo. Bar No. 40571 |
| Brianne Thomas | Mo. Bar No. 58843 |
| Joshua A. Sanders | Mo. Bar No. 64305 |
| Erica Fumagalli | Mo. Bar No. 70069 |

PO Box 1099
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile:  (816) 471-8450
E-mail:  mparrish@bktplaw.com
E-mail:  bthomas@bktplaw.com
E-mail:  jsanders@bktplaw.com
E-mail:  efumagalli@bktplaw.com

ATTORNEYS FOR PLAINTIFF



# IN THE 16TH JUDICIAL CIRCUIT **COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>JAMES FRANCIS KANATZAR | **Case Number:  2116-CV22026** |
|---|---|
| Plaintiff/Petitioner:<br>DAVID HIGHTOWER | Plaintiff's/Petitioner's Attorney/Address<br>ERICA FUMAGALLI<br>221 W LEXINGTON AVENUE<br>SUITE 200 |
| **vs.** | INDEPENDENCE, MO  64051 |
| Defendant/Respondent:<br>WELLS FARGO & COMPANY, INC. | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Other Tort | INDEPENDENCE, MO  64050<br><br>*(Date File Stamp)* |

## Summons in Civil Case

| **The State of Missouri to:**  WELLS FARGO DEALER SERVICES, INC.<br>**Alias:** |
|---|

RA: MISSOURI SECRETARY OF
STATE
600 WEST MAIN
JEFFERSON CITY, MO  65102

*COURT SEAL OF*



*JACKSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

<u>12-OCT-2021</u>
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____

|  | Date |  | Notary Public |
|---|---|---|---|

---

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2116-CV22026 |
|---|---|
| Plaintiff/Petitioner:<br>DAVID HIGHTOWER | Plaintiff's/Petitioner's Attorney/Address<br>ERICA FUMAGALLI<br>221 W LEXINGTON AVENUE<br>SUITE 200<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>WELLS FARGO & COMPANY, INC. | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** **WELLS FARGO & COMPANY, INC.**<br>**Alias:**<br>**RA: CSC LAWYERS INCORPORATING**<br>**SERVICE COMPANY**<br>**221 BOLIVAR STREET**<br>**JEFFERSON CITY, MO 65101** | |

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12-OCT-2021
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JACKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-9623** 1 of 1 (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00815-DGK   Document 1-1   Filed 11/15/21   Page 8 of 46

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

**DAVID HIGHTOWER,**

|  |  |
|---|---|
| **PLAINTIFF(S),** | **CASE NO. 2116-CV22026** |
| **VS.** | **DIVISION 5** |

**WELLS FARGO & COMPANY, INC.,**

**DEFENDANT(S).**

### NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
### AND ORDER FOR MEDIATION

---

   NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JAMES FRANCIS KANATZAR** on **04-FEB-2022** in **DIVISION 5** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

   A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

   At the Case Management Conference, counsel should be prepared to address at least the following:

   a.   A trial setting;

   b.   Expert Witness Disclosure Cutoff Date;

   c.   A schedule for the orderly preparation of the case for trial;

   d.   Any issues which require input or action by the Court;

   e.   The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court.  Each party shall personally appear at the mediation and participate in the process.  In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case.  If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ JAMES FRANCIS KANATZAR
JAMES FRANCIS KANATZAR**, Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition.  It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
MARK EVERETT PARRISH, 221 W LEXINGTON STE 200, P O BOX 1099, INDEPENDENCE, MO 64051

JOSHUA ALTON SANDERS, BOYD KENTER THOMAS & PARRISH, 221 W LEXINGTON, SUITE 200, PO BOX 1099, INDEPENDENCE, MO 64051

ERICA FUMAGALLI, 221 W LEXINGTON AVENUE, SUITE 200, INDEPENDENCE, MO 64051

Defendant(s):
WELLS FARGO & COMPANY, INC.
WELLS FARGO DEALER SERVICES, INC.

Dated:  12-OCT-2021                                    MARY A. MARQUEZ

Court Administrator

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | |
|---|---|
| DAVID HIGHTOWER | |
| Plaintiff | |
| v. | Case No. |
| WELLS FARGO & COMPANY, INC. | Division |
| Serve Registered Agent: | |
| CSC – Lawyers Incorporating | |
| Service Company, | |
| 221 Bolivar Street | |
| Jefferson City, MO, 65101 | |
| and | |
| WELLS FARGO DEALER SERVICES, | |
| INC. | |
| Serve Registered Agent: | |
| Missouri Secretary of State | |
| 600 West Main | |
| Jefferson City, MO 65102 | |
| Defendants. | |

**PETITION**

COMES NOW Plaintiff, David Hightower, by and through counsel, and states the
following for his causes of action against the Defendants:

**PARTIES**

1.      Plaintiff David Hightower is an individual and resident of Lawson, Ray County,
Missouri.

2.      Defendant Wells Fargo & Company, Inc. is a foreign company organized under the
laws of Delaware and is in good standing with Missouri, and it can be served with process through

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

its designated Registered Agent: CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri, 65101.

3. Defendant Wells Fargo Dealer Services, Inc. is a foreign company organized under the laws of California with its principal place of business in South Dakota. It can be served with process through its designated Registered Agent: The Missouri Secretary of State, 600 West Main, Jefferson City, MO 64102.

4. Defendants Wells Fargo & Company, Inc. and Wells Fargo Dealer Services, Inc. shall hereinafter be referred to in the singular as "Defendant Wells Fargo."

5. At all times pertinent hereto, all employees of Defendant Wells Fargo were acting in their individual capacity and also as agents of Defendant Wells Fargo within the scope of their employment and authority and in furtherance of the business of Defendant Wells Fargo. All acts and omissions of the employees of the Defendant Wells Fargo are imputed to their employer who is liable for such acts and omissions, as well as rendering the individual employees liable in their individual capacities.

<u>**JURISDICTION AND VENUE**</u>

6. Jurisdiction is proper in this Court pursuant to R.S.Mo. § 506.500, in that the Plaintiff's causes of action arose out of the Defendant transacting business within the State of Missouri, entering contracts within Missouri, and committing tortious acts within Missouri.

7. This Court has jurisdiction of this action pursuant to Chapter 407 of the Revised Statutes of Missouri, and specifically under R.S.Mo. § 407.025.1, which allows an individual to seek damages, attorney fees, and punitive damages for violations of R.S.Mo. § 407.020.

8.    Venue is proper in this Court pursuant to R.S.Mo. § 508.010, in that Plaintiff was damaged due to the wrongful acts or negligent conduct of the Defendant stemming from a contract entered into Jackson County, Missouri.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

9.    On or about March 3, 2013, Plaintiff purchased a 2008 GMC Canyon Truck (hereinafter "the vehicle") for $17,999.00 from Cars Gone Wild on Oak Trafficway in Kansas City, Missouri.

10.    On or about the time of purchase of the vehicle, Plaintiff financed this purchase through a contractual loan agreement with Defendant Wells Fargo for a total of $16,897.00.

11.    At the time of the contract and upon receiving the loan from Defendant, Plaintiff believed the loan to be 72 months in length.

12.    Plaintiff made regular payments to Defendant on said loan.

13.    Within 72 months from the date of purchase, Plaintiff had paid off his loan with Defendant.

14.    Defendant continued to bill, charge, and or collect money from Plaintiff despite the loan amount being satisfied.

15.    Plaintiff refused to make these payments due to the fact that the full amount of the loan had already been satisfied.

16.    Defendant repossessed Plaintiff's vehicle for "unpaid loan payments" that were in excess of the loan amount which had already been paid in full.

17.    Plaintiff contacted Defendant to inform them of their mistake, but Defendant did not return Plaintiff's vehicle or otherwise reimburse Plaintiff.

3

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

18. Because Plaintiff refused to make payments over the contractual loan amount to Defendant, Defendant put a "hard hit" on Plaintiff's credit report.

19. Finally, on November 24, 2020, Plaintiff received a letter from Defendant acknowledging its mistake along with a check for $6,446.47 for fees, interest, costs related to the repossession, and compensation for time Plaintiff did not have the funds that were wrongfully taken by Defendant.

20. On May 10, 2021, Plaintiff received another letter from Defendant explaining that Defendant incorrectly applied payments to Plaintiff's account which led to actions taken to repossess the vehicle along with a check for $5,459.98 for fees, interest, costs related to the repossession, and compensation for time Plaintiff did not have the funds that were wrongfully taken by Defendant.

21. Despite acknowledgement of its error, based upon information and belief, Defendant Wells Fargo has failed to return the repossessed vehicle to Plaintiff.

22. The "reimbursement" funds received by Plaintiff from Defendant do not wholly cover the loss and damages to Plaintiff.

23. As a direct and proximate result of the Defendant's conduct, the Plaintiff sustained a loss of money in an amount equal to the value of the repossessed vehicle.

24. As a direct and proximate result of the Defendant' conduct, the Plaintiff sustained consequential damages including, but not limited to, the damage done to Plaintiff's credit as a result of the wrongful repossession.

25. As a direct and proximate result of the Defendant' conduct, the Plaintiff suffered actual damages including, but not limited to, emotional distress, mental anguish, humiliation, and mental suffering.

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

### COUNT I: MISSOURI MERCHANDISING PRACTICING ACT

26. The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

27. That R.S.Mo. § 407.020 provides, in pertinent part, the following:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice.

28. That R.S.Mo. § 407.025.1 provides, in pertinent part, the following:

> Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

29. That R.S.Mo. § 407.010(4) defines "merchandise" as any objects, wares, goods, commodities, intangibles, real estate, or services.

30. Pursuant to the authority granted in RSMo § 407.145, the Attorney General has promulgated rules explaining and defining terms utilized in § 407.020 of the Merchandising Practices Act. Said rules are contained in the Missouri Code of State Regulations (hereinafter "CSR"). The rules relevant to the Merchandising Practices Act allegations herein include, but are not limited to, the following provisions of the CSR:

> 15 CSR 60-8.010 provides the following definitions:
>
> > (B) Consumer shall include any person (as defined in section 407.010.5., RSMo) who purchases, may purchase or is solicited for purchase of merchandise.

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

15 CSR 60-8.020 provides that:

An unfair practice is any practice which—

(A) Either—

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

2. Is unethical, oppressive or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

15 CSR 60-8.040 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

15 CSR 60-8.050 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to use or employ any duress, or undue influence.

15 CSR 60-8.080 provides that:

(1) It is an unfair practice for any person in connection with the sale of merchandise to engage in any unconscionable act or practice, or to use any unconscionable contract or contract term.

(2) It is unconscionable to take advantage of an unequal bargaining position and obtain a contract or term which results in a gross disparity of values exchanged.

15 CSR 60-8.090 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to engage in any method, use or practice which—

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

(A) Violates state or federal law intended to protect the public; and

(B) Presents a risk of or causes substantial injury to consumers.

15 CSR 60-9.010 provides that:

(C) Material fact is any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner.

15 CSR 60-9.020 provides that:

(1) Deception is any method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression.

(2) Reliance, actual deception, knowledge of deception, intent to mislead or deceive, or any other culpable mental state such as recklessness or negligence, are not elements of deception as used in section 407.020.1., RSMo . . . . Deception may occur in securing the first contact with a consumer and is not cured even though the true facts or nature of the advertisement or offer for sale are subsequently disclosed.

15 CSR 60-9.040 provides that:

(1) Fraud includes any acts, omissions or artifices which involve falsehood, deception, trickery, breach of legal or equitable duty, trust, or confidence, and are injurious to another or by which an undue or unconscientious advantage over another is obtained.

(2) Fraud, as used in section 407.020.1., RSMo is not limited to common law fraud or deceit and is not limited to finite rules, but extends to the infinite variations of human invention.

15 CSR 60-9.070 provides that:

(1) A misrepresentation is an assertion that is not in accord with the facts.

(2) Reliance, knowledge that the assertion is false or misleading, intent to defraud, intent that the consumer rely upon the assertion, or any other

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

capable mental state such as recklessness or negligence, are not elements of misrepresentation as used in section 407.020.1, RSMo.

15 CSR 60-9.080 provides that:

    (1) It is a misrepresentation for any person in connection with the advertisement or sale of merchandise to make an untrue statement of material fact.

15 CSR 60-9.090 provides that:

    (1) It is a misrepresentation for any person in connection with the advertisement or sale of merchandise to omit to state a material fact necessary in order to make statements made, in light of the circumstances under which they are made, not misleading.

15 CSR 60-9.100 provides that:

    (1) It is a misrepresentation for any person in connection with the advertisement or sale of merchandise to make any fraudulent assertion.

    (2) An assertion is fraudulent if the person intends his/her assertions to induce a consumer to purchase merchandise, and the person-

        (A) Knows or believes that the assertion is not in accord with the facts; or

        (B) Knows that he does not have a reasonable basis for his/her assertion.

15 CSR 60-9.110 provides that:

    (1) Concealment of a material fact is any method, act, use or practice which operates to hide or keep material facts from consumers.

    (2) Suppression of a material fact is any method, act, use or practice which is likely to curtail or reduce the ability of consumers to take notice of material facts which are stated.

    (3) Omission of a material fact is any failure by a person to disclose material facts known to him/her, or upon reasonable inquiry would be known to him/her.

    (4) Reliance and intent that others rely upon such concealment, suppression or omission are not elements of concealment, suppression or omission as used in section 407.020.1., RSMo.

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

31.     That Defendant's loan services were merchandise within the meaning and scope of the Merchandising Practices Act and under R.S.Mo. § 407.010.

32.     That Defendant sold and advertised for sale merchandise in trade or commerce to the Plaintiff, specifically:

      a.   Defendants solicited the Plaintiff's business by offering to finance his loan; and

      b.   Defendants sold loan services to the Plaintiff.

33.     That soliciting a person to enter a sale and or loan agreement and negotiating, offering, and selling loan services in the State of Missouri directly and indirectly affects the people of Missouri.

34.     That Plaintiff purchased loan services primarily for personal, family, and or household purposes, in that he purchased the services for personal use, not for business or commercial purposes.

35.     In connection with the sale of merchandise to Plaintiff, the Defendant practiced and employed deception, fraud, false pretense, false promise, misrepresentations, untruths, half-truths, unfair practices and concealment, and omission and suppression of material facts upon Plaintiff in, among other ways, one or more of the following ways:

      a.   Defendant committed fraud by failing to calculate Plaintiff's loan payments correctly and accurately.

      b.   Defendant committed fraud by applying payments due to Plaintiff's account in excess of the contracted-for loan amount.

      c.   Defendant misrepresented that the loan had not been paid in full.

      d.   Defendant misrepresented that the Plaintiff's account was in default.

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

    e.  Defendant committed fraud and made misrepresentations in that it put a "hard hit" on Plaintiff's credit report.

    f.  Defendant employed fraud, deception, misrepresentation, and unfair practices in that Defendant had Plaintiff's car illegally repossessed.

36.    The above-stated conduct was unlawful and violated R.S.Mo. § 407.020 and the regulations of the Attorney General of Missouri.

37.    As a direct and proximate result of Defendant's conduct, the Plaintiff suffered an ascertainable loss of money.

38.    As a direct and proximate result of Defendant's conduct, the Plaintiff suffered damages as described in Paragraphs 21 through 25 of this Petition.

39.    That Defendant, at all relevant times, acted knowingly, intentionally, maliciously, willfully, and outrageously due to an evil motive or reckless indifference in violation of R.S.Mo. § 407.020, and Defendant is therefore liable for punitive damages pursuant to R.S.Mo. § 407.025.

40.    Plaintiff has incurred and will incur attorneys' fees in prosecuting this action, for which the Defendant is liable under R.S.Mo. § 407.025.

### COUNT II: INTENTIONAL MISREPRESENTATION

41.    Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

42.    Defendant Wells Fargo made the following misrepresentations to Plaintiff and or credit reporting agencies:

    a.  Misrepresented the amount owed by Plaintiff;

    b.  Misrepresented that the loan had not been paid in full;

    c.  Misrepresented that the Plaintiff's account was in default;

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

d. Illegally repossessing Plaintiff's car based on misrepresentation that Plaintiff's account was in default.

43. Defendant Wells Fargo intended that Plaintiff rely upon the aforementioned representations so he would continue making payments to Defendant while it would continue to overcharge him and or to keep possession of the Plaintiff's vehicle.

44. The representations made by Defendant to Plaintiff described above were false.

45. Defendant Wells Fargo either knew that the representations were false at the time the representations were made or was ignorant of whether the representation were true or false.

46. The representations of Defendant were material to the Plaintiff's loan agreement and his continued payments to Defendant over and above the loan amount and material to when Plaintiff sought the advice of counsel.

47. Plaintiff relied on the representations described above, and in so relying, Plaintiff was using ordinary care in that Defendant Wells Fargo was in the business of loans and loan agreements, like the one entered into with Plaintiff, and Plaintiff was merely an individual who sustained damages due in whole or in part to the actions of the Defendant.

48. As a direct and proximate result of Defendant's conduct, the Plaintiff suffered the loss of property and damages as described in Paragraphs 21 through 25 of this Petition.

49. The actions of Defendant Wells Fargo as described above were outrageous because of Defendants' evil motive or reckless indifference to the rights of Plaintiff, and thus, an additional amount to that of the damages alleged above should be awarded Plaintiff as punitive damages in such sum which will serve to punish Defendants and to deter Defendants and others from like conduct.

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

## COUNT III: NEGLIGENT MISREPRESENTATION

50.     Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

51.     The Defendant Wells Fargo, in the course of its business, provided representations described above regarding the loan to Plaintiff and to credit reporting agencies.

52.     Due to the Defendant's failure to exercise reasonable care or competence in obtaining or communicating the information provided to Plaintiff and to credit reporting agencies, the information provided to was false.

53.     The Defendant intentionally provided the above-described information for guidance of Plaintiff in a particular business transaction, in the course of its business, namely to collect payments from Plaintiff in excess of the loan, to repossess Plaintiff's vehicle, to collect money from Plaintiff through late fees, and or to erroneously report Plaintiff's account to credit reporting agencies.

54.     Plaintiff justifiably relied on the information provided by the Defendant in that Wells Fargo was in the business of providing loans to customers.

55.     As a direct and proximate result of Defendant's conduct, the Plaintiff suffered the loss of property and damages as described in Paragraphs 21 through 25 of this Petition.

56.     The actions of the Defendant as described above were outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, and thus, an additional amount to that of the damages alleged above should be awarded Plaintiff as punitive damages in such sum which will serve to punish Defendants and to deter Defendants and others from like conduct.

## COUNT IV: BREACH OF CONTRACT

57.     Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

58.     At all times relevant hereto, Plaintiff and Defendant Wells Fargo were borrower and lender, respectively, on a loan contract related to Plaintiff's vehicle.

59.     In this contract, Plaintiff and Defendant Wells Fargo agreed that Plaintiff would pay Defendant Wells Fargo a certain amount each month for a period of 72 months in exchange for ownership of the vehicle once the full payment had been made.

60.     Plaintiff made full payment of the loan amount within 72 months in accordance with the contract.

61.     Defendant Wells Fargo has failed and refused to adhere to the contract. Specifically, Defendant breached the contract in the following ways:

    a.   Overcharged and collected money from Plaintiff over and above the contracted amount;

    b.   Failed to accurately reflect or report the amount due on Plaintiff's account;

    c.   Failed to accurately track and or calculate the amount due on Plaintiff's account;

    d.   Erroneously ordered for the illegal repossession of Plaintiff's vehicle;

    e.   Erroneously reported Plaintiff to the credit reporting agencies based on its own failures to properly service Plaintiff's account; and or

    f.   Failed to release Plaintiff from payments even when his loan obligations were paid in full.

62.     Defendant Wells Fargo is therefore in breach of the contract with Plaintiff.

63.     The Plaintiff performed all of his obligations under the contract in that he made

13

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

timely payments until payment was made in full within 72 months.

    64.    As a direct and proximate result of Defendant's conduct, the Plaintiff suffered the loss of property and damages as described in Paragraphs 21 through 25 of this Petition.

**COUNT V: NEGLIGENCE**

    65.    The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

    66.    Plaintiff and Defendant had entered into an agreement which designated Defendant as the creditor and Plaintiff as the purchaser.

    67.    Defendant had a duty to exercise ordinary care in the servicing of Plaintiff's account including correctly and accurately track payments and amounts due on Plaintiff's account as the loan servicer.

    68.    Defendant breached this duty by failing to exercise ordinary care in the servicing of Plaintiff's account in one or more of the following ways:

    a.    Failed to accurately reflect or report the amount due on Plaintiff's account;

    b.    Failed to accurately track and or calculate the amount due on Plaintiff's account;

    c.    Erroneously collected money over and above what Plaintiff owed;

    d.    Erroneously ordered for the illegal repossession of Plaintiff's vehicle;

    e.    Erroneously reported Plaintiff to the credit reporting agencies based on its own failures to properly service Plaintiff's account; and or

    f.    Failed to release Plaintiff from payments even when his loan obligations were paid in full.

    69.    As a direct and proximate result of the Defendant's conduct, the Plaintiff's account was found in default, his vehicle was repossessed, and his credit score was damaged.

14

70.     As a direct and proximate result of the Defendant's conduct, the Plaintiff has sustained damages as described in Paragraphs 21 through 25 of this Petition.

**COUNT VI: CONVERSION OF PERSONAL PROPERTY**

71.     The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

72.     Within 72 months from the date of the loan agreement and purchase of the vehicle, Plaintiff had paid off the loan with Defendant in full.

73.     Once the loan on Plaintiff's vehicle was paid off in full, Plaintiff was the only person with a possessory interest in said vehicle.

74.     Plaintiff was therefore the only rightful and legal owner of the vehicle and or was entitled to possess it.

75.     Defendant took possession of the vehicle with the intent to exercise control over it and repossessed it from the Plaintiff for collateral on a loan that had already been paid.

76.     Defendant repossessed Plaintiff's property illegally and unlawfully thereby depriving Plaintiff of his right to possession.

77.     As a direct and proximate result of Defendant's conduct, the Plaintiff suffered the loss of property and damages as described in Paragraphs 21 through 25 of this Petition.

**COUNT VII: REPLEVIN**

78.     The Plaintiff incorporates all preceding and following paragraphs as though fully set forth herein.

79.      Within 72 months from the date of the loan agreement and purchase of the vehicle, Plaintiff paid off the loan with Defendant in full.

15

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

80.     Once the loan on Plaintiff's vehicle was paid off in full, Plaintiff was the only person with a possessory interest in said vehicle.

81.     Plaintiff was therefore the only rightful and legal owner of the vehicle and or was entitled to possess it.

82.     Defendant took possession of the vehicle with the intent to exercise unauthorized control over it and repossess it from the Plaintiff for collateral on a loan that had already been paid.

83.     Defendant repossessed Plaintiff's property illegally and unlawfully thereby depriving Plaintiff of his right to possession.

84.     Plaintiff asserts his possessory action to obtain the vehicle which has been unlawfully repossessed by the Defendant.

85.     As a direct and proximate result of Defendant's conduct, the Plaintiff suffered the loss of property and damages as described in Paragraphs 21 through 25 of this Petition.

### DEMAND FOR JURY TRIAL

86.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant in a fair and reasonable sum for actual damages, in excess of $25,000, punitive damages, attorneys' fees, costs incurred and expended herein, together with pre-judgment and post-judgment interest and other relief as the Court deems just and proper.

Electronically Filed - Jackson - Independence - October 11, 2021 - 04:24 PM

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

| Mark E. Parrish | Mo. Bar No. 40571 |
| Joshua A. Sanders | Mo. Bar No. 64305 |
| Erica Fumagalli | Mo. Bar No. 70069 |

PO Box 1099
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile: (816) 471-8450
E-mail: mparrish@bktplaw.com
E-mail: jsanders@bktplaw.com
E-mail: efumagalli@bktplaw.com

ATTORNEYS FOR PLAINTIFF

17

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

DAVID HIGHTOWER

        Plaintiff

   v.

WELLS FARGO & COMPANY, INC.
and WELLS FARGO DEALER
SERVICES, INC.

        Defendants.

Case No. 2116-CV22026

Division 5

### PLAINTIFF'S FIRST INTERROGATORIES TO
### DEFENDANT WELLS FARGO & COMPANY, INC.
(Served with Petition)

COMES NOW Plaintiff, by and through counsel, and pursuant to Rule 57.01 of the Missouri Rules of Civil Procedure propounds the following First Interrogatories to Defendant Wells Fargo & Company, Inc. (hereinafter "Wells Fargo") to be answered fully under oath and within the time prescribed.

### DEFINITIONS

1.    The term "you," "your," and "Defendant" as used in these interrogatories shall refer to Defendant Wells Fargo and or any agent, servant, employee, or representative acting on behalf of said Defendant.

2.    The phrase "loan" or "contract" as used in these interrogatories shall refer to loan contract entered into by Plaintiff and Defendant Wells Fargo as referred to in Plaintiff's Petition.

3.    The terms "loan account" or "account" as used in these interrogatories shall refer to Plaintiff's loan account with Defendant Wells Fargo as referred to in Plaintiff's Petition

4.     The term "vehicle" as used in these interrogatories shall refer to the 2008 GMC Canyon Truck as referred to in Plaintiff's Petition.

5.     The term "incident" as used in these interrogatories shall refer to the Defendant's actions of overcharging Plaintiff, the repossessing and subsequent refusal to return the Silverado, and or the hard hit on Plaintiff's credit as referred to in Plaintiff's Petition.

<h3 align="center">INTERROGATORIES</h3>

1.     Please state this Defendant's name correctly and or the correct way this Defendant should be designated as a defendant in the action at law (both at the time of the incident that is the basis of this suit and at the time these interrogatories were answered).

**ANSWER:**


2.     Identify each person, by name and title, providing the substance of answers to these interrogatories.

**ANSWER:**


3.     Identify the software, system, or method by which Defendant maintains the bookkeeping and or accounting for its customers' loan accounts, such as Plaintiff's.

**ANSWER:**

2

4.    State the name and address of each person or entity that was responsible for the for the administration, supervision, and or management of the accounting or bookkeeping system for Plaintiff's loan account with Defendant.

**ANSWER:**


5.    Identify the terms of the loan contract Defendant and Plaintiff entered into.

**ANSWER:**


6.    Identify the current or prior employee(s) of Defendant who communicated with Plaintiff, via telephone, U.S. mail, email or otherwise, regarding overcharging and or overbilling on his account.  For each such employee, state:

   a.   The dates and substance of such interaction(s); and

   b.   The name and last known address of the employee.

**ANSWER:**


7.    Identify the policies or procedures Defendant uses regarding collection of alleged debts and or alleged outstanding loan payments from customers who have loan accounts with Defendant.

**ANSWER:**

3

8.      Identify the policies or procedures Defendant uses if it receives a complaint or notification from a customer that the customer is being charged money over their loan amount.

**ANSWER:**

9.      Describe with particularity the steps Defendant took related to Plaintiff's loan account from the time of entering into the loan contract until this lawsuit was filed.

**ANSWER:**

10.     Identify the person(s) that Defendant expects to call as a retained expert witness in the trial of this action. For each such witness, state the following:

      a.   His or her name, address, occupation, place of employment, qualifications to give an opinion; and

      b.   The general nature of the subject matter on which the expert is expected to testify and the expert's hourly deposition fee.

**ANSWER:**

11.     Identify the person(s) that Defendant expects to call as a non-retained expert witness in the trial of this action. For each such witness, state the expert's name, address, and field of expertise.

**ANSWER:**

4

12.     Identify the non-expert witness(es) that Defendant expects to call at trial. For each such witness, state his or her name, address, telephone number, and place of employment.

**ANSWER:**


13.     Is there an insurance policy or policies that may provide coverage to Defendant for the claims made in the Plaintiff's Petition? If so, please attach a true and accurate copy of each such insurance policy to your answer to these interrogatories, and state the following:

   a.   The name and address of each such insurance company; and

   b.   The effective date of each such policy, the policy number, and the amount of liability insurance afforded by each such policy.

**ANSWER:**

5

14.     State whether Defendant has been a party to claims, actions or lawsuits, in the last five years, for a claim relating to violations of the Missouri Merchandising Practices Act, negligent misrepresentation, fraudulent misrepresentation, breach of contract, negligence, replevin, and or conversion related to overcharging a customer's account above the loan amount, wrongfully repossessing a vehicle, and or erroneously putting a hard hit on a customer's account. For each claim, action, or cause of action, please state the following:

      a.   State the style, nature, and date of filing of each cause of action, and

      b.   State the name and location of the agency, department, division, or court where the cause of action was filed.

**ANSWER:**


15.     State whether Defendant or anyone acting on its behalf, has talked to the Plaintiff regarding the incident, facts, or occurrences referred to in the Petition or heard or received any statements in any form from the Plaintiff regarding the same, not including information protected by attorney client privilege or work product, and if so, state the following:

      a.   The name, address, telephone number, and occupation of such person or persons and the date such conversations and/or statements occurred; and

      b.   The form of any such statements, e.g., written, oral, by recording device, etc., and identify any documents or recordings containing such statements and the names and addresses of the persons presently having custody of such statement.

**ANSWER:**

6

16.     Identify the documents which constitutes a statement of the Plaintiff, not including information protected by attorney client privilege or work product, and for such statement:

>    a.   Identify any person who took and or has possession of the statement by stating said person's name, address, telephone number, and occupation; and
>
>    b.   State the date the statement was taken.

**ANSWER:**


17.     Identify the persons known to Defendant who has corresponded with the Plaintiff about the incident, facts, or occurrences referred to in the Petition, or who has overheard the Plaintiff make any remarks or statements regarding the same, not including information protected by attorney client privilege or work product. For each person, state:

>    a.   Said person's full name, occupation, address, and telephone number and the date and place such statements or remarks were made; and
>
>    b.   The substance of all statements or remarks so made and any document or recording containing any such correspondence or statements.

**ANSWER:**

7

18.    Was an investigation or report made by or on behalf of this Defendant of or relating to the incident that is the subject of this action as described in the Plaintiff's Petition, not including information protected by attorney client privilege or work product? If yes, please describe each such investigation or report and further state the following:

  a.  The name, address, telephone number, and job description of the person that conducted the investigation or made the report; and

  b.  Whether a written report was prepared with regard to the investigation and the name, address, telephone number, and job description of the person who currently has custody or control of any written report or other document related to the investigation.

**ANSWER:**

19.    Please state the name, telephone number, job title, and address of the person(s) having knowledge of the facts or allegations described in the Plaintiff's Petition, including but not limited to the incident, and for each person please provide a brief description of the information they are expected to have, not including information protected by attorney client privilege or work product.

**ANSWER:**

8

20.     Please identify the person(s) from whom a statement has been obtained by this Defendant or on behalf of this Defendant with regard to the incident described in the Plaintiff's Petition, not including information protected by attorney client privilege or work product.

**ANSWER:**

21.     State the number of instances where the Defendant overcharged a customer's account above their loan amount and the customer's vehicle was subsequently repossessed in the past ten (10) years. For each instance, identify the insured by full name, last known address, and telephone number.

**ANSWER:**

22.     State the number of instances where the Defendant overcharged a customer's account above their loan amount and Defendant reported the customer to a credit reporting agency and or put a "hard hit" on the customer's credit report in the past ten (10) years. For each instance, identify the customer by full name, last known address, and telephone number.

**ANSWER:**

9

23.     State the number of mediations Defendant has participated in wherein a customer alleged that Defendant had overcharged the customer's account over the loan amount, including but not limited to repossession of a vehicle and or hard hits on the customer's credit score related to the overcharge.

**ANSWER:**

24.     Identify the person(s) by full name, last known address, and telephone number that has made a complaint to you in the last ten years relating to errors made by Defendant in charging a customer above their loan amount, including but not limited to, overcharging, erroneously repossessing vehicles, and or erroneous hard hits on credit reports.

**ANSWER:**

10

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

Mark E. Parrish      Mo. Bar No. 40571
Brianne Thomas      Mo. Bar No. 58843
Joshua A. Sanders      Mo. Bar No. 64305
Erica Fumagalli      Mo. Bar No. 70069
PO Box 1099
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile: (816) 471-8450
E-mail: mparrish@bktplaw.com
E-mail: bthomas@bktplaw.com
E-mail: jsanders@bktplaw.com
E-mail: efumagalli@bktplaw.com

ATTORNEYS FOR PLAINTIFF

11

## DEFENDANT'S SWORN SIGNATURE

STATE OF_____)
                                                    )
COUNTY OF_____)

       The below named person, being duly sworn on oath states that he has read the foregoing interrogatories and the answers given are true to the best of the affiant's knowledge and belief.

                      _____
                      Signature of Party
                      (NOT TO BE SIGNED BY AN ATTORNEY)

       The foregoing answers to interrogatories were subscribed and sworn to before me this _____ day of _____, 2021.

                      _____
                      Notary Public

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

DAVID HIGHTOWER

       Plaintiff

   v.

WELLS FARGO & COMPANY, INC.
and WELLS FARGO DEALER
SERVICES, INC.

       Defendants.

Case No. 2116-CV22026

Division

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND THINGS TO DEFENDANT WELLS FARGO & COMPANY, INC.**
(Served with the Petition)

COMES NOW Plaintiff, by and through counsel, and pursuant to Rule 58.01 of the Missouri Rules of Civil Procedure request that Defendant Wells Fargo & Company, Inc. (hereinafter "Wells Fargo") respond within the period prescribed by law to the following Request for Production of Documents, and produce the requested documents at the Kansas City office of Boyd, Kenter, Thomas & Parrish at 221 W. Lexington, Suite 200, P.O. Box 1099, Independence, MO 64051.

**DEFINITIONS**

1.    The term "you," "your," and "Defendant" as used in these requests shall refer to Defendant Wells Fargo and or any agent, servant, employee, or representative acting on behalf of said Defendant.

2.    The phrase "loan" or "contract" as used in these requests shall refer to loan contract entered into by Plaintiff and Defendant Wells Fargo as referred to in Plaintiff's Petition.

3.      The terms "loan account" or "account" as used in these requests shall refer to Plaintiff's loan account with Defendant Wells Fargo as referred to in Plaintiff's Petition

4.      The term "vehicle" as used in these requests shall refer to the 2008 GMC Canyon Truck as referred to in Plaintiff's Petition.

5.      The term "incident" as used in these requests shall refer to the Defendant's actions of overcharging Plaintiff, the repossessing and subsequent refusal to return the Silverado, and or the hard hit on Plaintiff's credit as referred to in Plaintiff's Petition.

<u>**REQUESTS**</u>

1.      Please produce statements of the Plaintiffs preserved in any manner in Defendant's possession.

**RESPONSE:**

2.      Please produce copies of the correspondence or communications between Defendant and the Plaintiff concerning the incident or facts that are the subject of this litigation.

**RESPONSE:**

3.      Please produce memoranda concerning verbatim recitals of, or the substance of, statements made by the Plaintiff, not including any information protected by attorney client privilege or work product.

**RESPONSE:**

4.      Please produce a true and accurate copy of each insurance policy that may provide coverage to Defendant for the claims made in the Plaintiffs' Petition.

**RESPONSE:**

5.      Please produce correspondence between Defendant, including anyone acting on its behalf or its attorney, and the expert witness(es) that Defendant identifies through the course of this lawsuit.

**RESPONSE:**

6.      Please produce the documents provided to or relied upon by the expert witness(es) that Defendant identifies throughout the course of this lawsuit.

**RESPONSE:**

7.      Please produce the entire file for Plaintiffs' loan account with Defendant, including paper files and electronic files.

**RESPONSE:**

8.      Please produce the documents that Defendant uses to determine whether or not a customer has or has not made timely and or full payments on their loan account.

**RESPONSE:**

9. Please produce the pleadings, depositions, and or affidavits that have been used in prior lawsuits filed against Defendant for claims related to violations of the Missouri Merchandising Practices Act, negligent misrepresentation, fraudulent misrepresentation, breach of contract, negligence, replevin, and or conversion related to overcharging a customer's account above the loan amount, wrongfully repossessing a vehicle, and or erroneously putting a hard hit on a customer's account.

**RESPONSE:**

10. Please produce a copy of the exhibits you anticipate using at trial in this matter.

**RESPONSE:**

11. Please produce the documents identified in response to any of the Plaintiffs' interrogatories propounded throughout the course of this litigation.

**RESPONSE:**

12. Please produce complaints received by Defendant the past ten years regarding overcharging a customer's account above their loan amount, including but not limited to overcharging, repossession of a vehicle and or hard hits on the customer's credit score related to the overcharge.

**RESPONSE:**

13.    Please produce the polices or procedures Defendant uses regarding collection of alleged debts and or alleged outstanding loan payments from customers who have loan accounts with Defendant.

**RESPONSE:**

14.    Please produce the policies or procedures Defendant uses if it receives a complaint or notification from a customer that the customer is being charged money over their loan amount.

**RESPONSE:**

Respectfully submitted,

BOYD KENTER THOMAS & PARRISH, LLC

Mark E. Parrish    Mo. Bar No. 40571
Brianne Thomas    Mo. Bar No. 58843
Joshua A. Sanders   Mo. Bar No. 64305
Erica Fumagalli    Mo. Bar No. 70069
PO Box 1099
221 W. Lexington Avenue, Suite 200
Independence, Missouri 64051
Telephone: (816) 471-4511
Facsimile:  (816) 471-8450
E-mail:  mparrish@bktplaw.com
E-mail:  bthomas@bktplaw.com
E-mail:  jsanders@bktplaw.com
E-mail:  efumagalli@bktplaw.com

ATTORNEYS FOR PLAINTIFF

5