IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID HIGHTOWER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO & COMPANY, INC. ) <br> and WELLS FARGO DEALER ) <br> SERVICES, INC., ) <br> ) <br> Defendants. ) | No. 4:21-cv-00815-DGK |

**ORDER GRANTING MOTION TO COMPEL ARBITRATION, DENYING WITHOUT PREJUDICE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, AND DENYING PLAINTIFF'S MOTIONS AS MOOT**

This matter arises from Plaintiff's financing of a vehicle purchase via a loan from Defendants ("Wells Fargo" [1]). Plaintiff alleges he paid off the loan in full, but that Wells Fargo nonetheless mistakenly repossessed his vehicle. Compl. ¶¶ 9–17, ECF No. 1-1. Plaintiff alleges Wells Fargo ultimately acknowledged its mistake and—rather than return the vehicle—wrote Plaintiff two checks totaling $11,906.45. *Id.* ¶¶ 19–21. Plaintiff alleges the reimbursement did not cover the full value of the vehicle, and also seeks damages for the repossession's detrimental effect on his credit score and for emotional destress, mental anguish, humiliation, and mental suffering. *Id.* ¶¶ 23–25.

Wells Fargo removed this case from the Circuit Court of Jackson County, Missouri, on November 15, 2021. Notice, ECF No. 1. On December 6, 2021, Wells Fargo moved to compel arbitration and dismiss Plaintiff's Complaint, or in the alternative, to compel arbitration and stay the action. Mot., ECF No. 9. Also on December 6, 2021, Wells Fargo moved to dismiss Plaintiff's

---

[1] The Complaint treats both defendants as a single entity. Thus for the purpose of this Order, the Court refers to both defendants collectively as Wells Fargo.

Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Mot., ECF No. 11. Plaintiff's responses to both motions were due on December 20, 2021, however Plaintiff failed to respond in time. On December 23, 2021, the Court issued an Order directing Plaintiff to file a response to the motions or otherwise show cause as to why Wells Fargo's requested relief should not be granted. Text Entry, ECF No. 14. The Court granted Plaintiff until December 31, 2021, to submit a filing. *Id.*

On January 3, 2022, three days after the extended deadline, Plaintiff requested an extension of time to respond to Wells Fargo's motion to compel arbitration. Mot., ECF No. 15. Plaintiff's motion for extension of time did not mention Wells Fargo's 12(b)(6) motion. *Id.*

On January 6, 2022, Wells Fargo filed its response to Plaintiff's motion for an extension of time. Resp., ECF No. 18. In a footnote, Wells Fargo noted that Plaintiff's motion for an extension of time had failed to mention the pending Rule 12(b)(6) motion, and that the Court should therefore deem that motion unopposed and dismiss the case with prejudice. *Id.* at 2 n.1; *see also id.* at 6 n.2.

Also on January 6, 2022, Plaintiff moved to withdraw its motion for an extension of time, stating that Plaintiff did not object to Wells Fargo's motion to compel arbitration and stay the proceedings. Mot., ECF No. 17.[2] On January 13, Wells Fargo filed a response to Plaintiff's motion to compel which incorporated its prior argument that the Rule 12(b)(6) motion was unopposed and that the Court should therefore dismiss the case with prejudice. Resp., ECF No. 18.

---

[2] Plaintiff filed this motion before Wells Fargo filed its response to the motion for extension of time, hence the lower docket number. The Court has grouped them this way for clarity.

2

Those four motions[3] are now before the Court, and the Court rules as follows:

Since it was the first motion filed, the Court first addresses Wells Fargo's motion to compel arbitration and dismiss, or in the alternative, compel arbitration and stay. Because Plaintiff does not oppose the motion to compel arbitration and requests the Court stay the case rather than dismiss it, Wells Fargo's motion is GRANTED and the case is STAYED until arbitration is completed. *See Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (noting that, while generally the FAA requires a court to stay a case pending the completion of arbitration, where all issues are arbitrable a court has discretion to dismiss the case or enter a stay). Defendants Rule 12(b)(6) motion is DENIED WITHOUT PREJUDICE. Plaintiff's motion for extension of time and motion to withdraw that motion for extension of time are DENIED AS MOOT.

Wells Fargo shall file a status report with the Court every 90 days.

**IT IS SO ORDERED.**

Date:   February 28, 2022                     /s/ Greg Kays
                                              GREG KAYS, JUDGE
                                              UNITED STATES DISTRICT COURT

---

[3] Those motions are: 1) Defendant's Motion to Compel Arbitration and Dismiss, or in the Alternative, Stay The Action, ECF No. 9; 2) Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 11; 3) Plaintiff's Motion for Extension of Time, ECF No. 15; and 4) Plaintiff's Request to Withdraw the Motion for Extension of Time, ECF No. 17.